UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| WILLIAM W. FLEMING, | 2:11-cv-00131-MMD -VCF |
| Plaintiff, | |
| vs. | ORDER |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.,* | |
| Defendants. | |

Before the court is plaintiff Fleming's *Emergency* Motion to Compel. (#31). Defendant Las Vegas Metropolitan Police Department filed an Opposition (#34), and plaintiff filed a Reply (#37). The court held a hearing on June 15, 2012.

**Background**

Plaintiff Fleming filed his complaint in the Eighth Judicial District Court, Clark County, Nevada, on January 3, 2011, asserting claims for (1) conspiracy to violate civil rights under 42 U.S.C. § 1983, (2) violations of the Fourth and Fourteenth Amendments, (3) assault and battery negligence, (4) violations of 42 U.S.C. § 1983 against individual defendant Joseph Salvatore, (5) assault and battery against individual defendant Salvatore, and (6) negligent hiring, retention, training, and supervision against Las Vegas Metropolitan Police Department (hereinafter "LVMPD") and Clark County Detention Center (hereinafter "CCDC").  (#1 Exhibit B).  The action was removed to this court on January 25, 2011, pursuant to 28 U.S.C. §§§ 1331, 1343, and 1441(a) and (b).  (#1).  On May 26, 2011, defendants

LVMPD and CCDC filed their answer to the complaint. (#8). On July 1, 2011, defendant Salvatore filed his answer to the complaint. (#9).

On January 12, 2012, CCDC and LVMPD filed a motion for partial summary judgment on the pleadings based on a failure to state a claim. (#21). On February 7, 2012, the parties filed a proposed protective order (#24), which the court approved on March 6, 2012, with the exception of language in Section X. (#26). On April 25, 2012, the court issued an order granting the defendants' motion, and dismissing CCDC as a defendant, plaintiff's causes of action under the Eighth and Fourteenth Amendments, plaintiff's § 1983 conspiracy claim, and plaintiff's claim for punitive damages, "with the understanding the dismissal of punitive damages applies only to Metro and not the individual officers." (#29). On May 25, 2012, plaintiff Fleming filed the instant motion to compel. (#31). Discovery closed on May 29, 2012. *Id.*

**Motion To Compel Discovery (#31)**

    A.    **Relevant Facts**

On December 22, 2011, plaintiff served defendant LVMPD with requests for production of documents. (#31-1). On February 3, 2012, defendant LVMPD served plaintiff with its responses to the discovery requests. *Id.* LVMPD objected to Requests 2, 3, 4, 5, 9, 21, and 22, asserting confidentiality, non-discoverability, and privilege. *Id.* On May 9, 2012, the parties held a meet and confer pursuant to Local Rule 26-7(b), but were unable to resolve the dispute. (#31). LVMPD produced some of the disputed documents, but maintained its objections as to other documents. *Id.* On May 24, 2012, plaintiff's counsel e-mailed defense counsel in an attempt to resolve the matter, but was unsuccessful. *Id.* Plaintiff filed the instant motion (#31) on May 25, 2012.

    B.    **Plaintiff's Arguments**

Plaintiff argues that the requested documents should be produced because they are relevant to plaintiff's claims. (#31). Plaintiff asserts that Requests 9 and 21 are relevant to plaintiff's claim that

LVMPD had a duty to exercise due care in the hiring and selection of its employees and that LVMPD, in reckless disregard for this duty, knowingly hired defendant Salvatore. *Id*. Plaintiff argues that if LVMPD had knowledge of defendant Salvatore's "propensity to use violence in disregard for authority" prior to hiring him, LVMPD is responsible for the harm caused to plaintiff. *Id.*

Plaintiff asserts that Requests 4, 5, and 22 are relevant to his claim that LVMPD had a duty to exercise due care in the training, supervision, oversight, direction, retention and control of its employees. *Id.* Plaintiff asserts that responsive documents will show that LVMPD knew of Defendant Salvatore's violent propensities, yet actively failed to properly control his actions, and as a direct and proximate result, Mr. Fleming was injured. *Id.* Plaintiff asserts that Requests 2 and 3 are relevant because they concern the internal investigations of the incident upon which plaintiff bases his complaint, and that the result of the investigations "should show that LVMPD was at fault in this incident." *Id.*

Plaintiff also asserts that "[w]hile FRCP 26(b)(5)(a) states that a party is allowed to withhold certain privileged information, LVMPD has not shown why personnel files are inherently confidential and privileged." *Id*. Plaintiff argues that "[w]hether or not disclosure should be permitted rests on a balancing test; if the files are eligible for confidentiality, the decision to protect the material from disclosure rests on balancing the benefit that would come from divulging the information against the injury that would occur upon disclosure." *Id* (citing *Zaustinsky v. Univ. of California*, 96 F.R.D. 622, 624-25 (N.D. Cal. 1983) affd, 782 F.2d 1055 (9th Cir. 1985)).

With regard to the specific privileges asserted by defendant, plaintiff argues that these privileges do not apply to the documents requested, and that defendant LVMPD simply asserting these privileges is not enough to invoke the privilege. *Id.* Plaintiff asserts that LVMPD must make a "substantial threshold showing" that specific harms are likely to occur as a result of disclosing the specific materials requested." *Id* (citing *Sofo*, 162 F.R.D. at 613; *Kelly* 114 F.R.D. at 669; *Boar*, *Inc. v. County of Nye*, 2:08-CV-01091-PMP, 2010 WL 5070888 (D. Nev. Oct. 15, 2010) aff'd, *Boar, Inc. v. County of NYE*,

2:08-CV-01091-PMP, 2010 WL 5067061 (D. Nev. Dec. 6, 2010)).  Plaintiff asserts that "[d]efendant LVMPD merely stated that there could be possible adverse effects on self-regulation," and that this reasoning is "too general of a statement to meet the high threshold showing of specific harm." *Id.*

    C.    **Defendant LVMPD's Arguments**

Defendant LVMPD argues that with the production on February 3, 2012, and the supplemental disclosures made to plaintiff on May 24, 2012, the only documents from the internal affairs files that were not produced include (1) internal communications, (2) medical records of non-parties, (3) *Garrity* (i.e. compelled) statements, and (4) investigative disposition reports.  (#34).  Defendant asserts that with regard to the records pertaining to hiring defendant Salvatore, such as the pre-employment documents and the personnel file of Salvatore, plaintiff made no attempt to discuss the production of such documents prior to filing the motion to compel.  *Id.*  Defendant LVMPD asserts that plaintiff needs to address these documents with Salvatore's counsel, and that Salvatore's authorization is needed before production.  *Id.*

With regard to the allegedly privileged documents pertaining to the investigations, defendant argues that the Office of Internal Affairs (hereinafter "OIA") is charged with the mission of policing the police, and that confidentiality is "one of the primary ingredients in developing an effective Internal Affairs section."  *Id.*  The statements given to this department are done in confidence, defendant argues, and this is to ensure that the fellow police officers as well as citizens speak freely and willingly.  *Id.*  If the individuals were fearful that their statements would later be disclosed, many of them would be less likely to cooperate in the process, thus hindering the investigative mission of the OIA.  *Id.*

Defendant also asserts that the documents relating to the internal investigations have no relevance to the plaintiff's claims, as plaintiff cannot present other complaints of misconduct as evidence of propensity of the police officer.  *Id.*  Defendant asserts that the only claim for which any of the past incidents are relevant or admissible would be plaintiff's claim that the LVMPD policy maker

promulgated a policy or custom, through his deliberate indifference to plaintiff's constitutional rights, that caused the individual officers in this case to in fact violate plaintiff's constitutional rights. *Id; See Monell v. Dept. of Social Service*, 436 U.S. 658, 690-91 (1978).  Defendant argues, however, that the documents withheld are not evidence of deliberate indifference on the part of Sheriff Gillespie to plaintiff's rights or safety and are not relevant to a *Monell* claim.  *Id*.

To assert a claim under *Monell,* the plaintiff must satisfy four conditions, including that LVMPD had a "policy" and that this "policy amounts to deliberate indifference to the plaintiff's constitutional rights..." *Id*.  Defendant asserts that plaintiff cannot establish this policy on the part of LVMPD by showing random acts of misconduct, and that a "single constitutional deprivation is insufficient to establish a long standing practice or custom for purposes of *Monell* liability." *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999); *McDade v. West,* 223 F.3d 1135 (9th Cir. 2000).

**D.     Discussion**

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense..." or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence.  *Id*.  In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

The court finds that documents containing information *not* known to LVMPD *before* the incident in question are not relevant to plaintiff's claims that LVMPD had a duty to exercise due care in the training, supervision, oversight, direction, retention and control of its employees or that LVMPD had knowledge of defendant Salvatore's "propensity to use violence in disregard for authority" prior to hiring him. *See* Fed. R. Civ. P. 26(b); *Oppenheimer Fund*, 437 U.S. at 351. Such information is not discoverable. *Id.* Documents responsive to Requests 2 and 3, namely the complete SOC #2009-0067 investigation file and the complete IAB #2009-0061 investigation file, are also not discoverable. Documents containing information that was known to LVMPD *before* the incident are relevant to plaintiff's claims. *Id.* The court recognizes the significance of the confidential nature of some of these documents, and orders that the documents be produced as follows:

(1) Responsive Documents, redacted to conceal the names of those individuals not already named in this action or disclosed as witnesses, shall be produced to plaintiff's counsel within ten (10) days from the entry of this order. Plaintiff's counsel is not permitted to disclose these documents to anyone, with the exception of counsel's support staff as necessary.

(2) If plaintiff's counsel finds the need to disclose any of these documents to plaintiff or plaintiff's expert, counsel shall provide notice to defense counsel prior to any disclosure. Defense counsel shall have two weeks to propose any additional redactions before the disclosure of the document(s).

(3) If plaintiff's counsel intends to use any of the documents during the pendency of this action, counsel must do so in accordance with the Protective Order (#26) governing this action and must give defense counsel two weeks to propose any additional redactions before using such document(s).

(4) If, after defense counsel provides proposed additional redactions pursuant to paragraphs (2) or (3) above, the parties are unable to agree upon the proposed redactions, the parties shall file a joint

statement containing the documents at issue and each parties' position regarding redactions for the court's consideration.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Fleming's *Emergency* Motion to Compel (#31) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that defendant LVMPD shall produce responsive documents as outlined above within ten (10) days from the entry of this order.

DATED this 15th day of June, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE