# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| WILLIAM FLEMING,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.,*<br><br>　　　　　　Defendants. | 2:11-cv -00131-MDD-VCF<br><br>**ORDER**<br><br>(Joint Status Report  #50) |

　　　　Before the Court is the parties' Joint Status Report Re: Discovery Dispute (#50).

**Background**

　　　　On June 15, 2012, the undersigned ruled that certain confidential information should be produced. (#38). The court held that "[p]laintiff's counsel is not permitted to disclose these documents to anyone, with the exception of counsel's support staff as necessary." *Id.* The court ordered that if plaintiff's counsel wishes to use that information as evidence, or wishes to provide it to a retained expert, he was to notify Las Vegas Metropolitan Police Department ("LVMPD") and to provide LVMPD an opportunity to make necessary redactions of sensitive information within those documents. *Id.* On June 25, 2012, in accordance with the court's order, defendant LVMPD produced to plaintiff all documents. (#50).

　　　　On July 3, 2012, plaintiff identified documents that he would like to provide to his expert witness. *Id*. Defendant LVMPD provided plaintiff with "a summary of documents to be produced and not produced due to continued assertion of privilege in an email on July 10, 2012 and counsel had an

exchange regarding … document identified with additional email correspondence through July 13, 2012." *Id.* On July 16, 2012, defendant LVMPD also provided plaintiff with copies of the documents for public disclosure. *Id.* On July 24, 2012, defendant LVMPD filed a motion for summary judgment. (#40). On August 17, 2012, plaintiff filed an opposition to the motion for summary judgment arguing under Federal Rule of Civil Procedure 56(d) that he could not properly oppose the motion without certain discovery. (#42).

On February 28, 2013, the Honorable District Judge Miranda M. Du entered an order denying the defendants' motion for summary judgment (#40) and ordering "the parties [to] file a joint statement concerning their discovery dispute to the presiding Magistrate Judge within seven (7) days from the entry of this Order." (#49). On March 7, 2013, the parties filed their joint status report regarding the discovery dispute. (#50).

On March 13, 2013, the court issued a minute order requiring Plaintiff to file "under seal, on or before March 25, 2013, documents that he wishes to provide to his expert witness. Plaintiff must provide an explanation of necessity for each of the documents and include any appropriate redactions. Pursuant to Special Order 109, service of documents in paper form is required for documents that are sealed." (#51)(Emphasis Added). The court ordered the defendants' response to the plaintiff's documents disclosures due on or before April 4, 2013, and that no reply was necessary. *Id.*

On March 25, 2013, plaintiff filed under SEAL the documents for Expert Witness (#52) and provided the court with a courtesy copy. The plaintiff, however, did not comply with the court's order (#51), as he provided the court with **all** documents produced by LVMPD and did not provide an explanation of necessity for each document or include any redactions. (#52). On March 29, 2013, the court ordered a hearing on the Status Report regarding the discovery dispute. (#53). On April 4, 2013,

defendant LVMPD filed a response under SEAL pursuant to the court's order (#51). (#54). On April 17, 2013, the court held a hearing on the Joint Status Report regarding the discovery dispute.[1] (#55).

**Discovery Dispute**

During the hearing on April 17, 2013, the court asked plaintiff's counsel to identify specific documents and explain why the expert needs to review such documents. (#55). Plaintiff's counsel informed the court that he was not capable of explaining which documents his expert would need because he does not possess such expertise. *Id.* The court finds that plaintiff had the duty to at least discuss categories of documents with his expert in order to determine the basis for requesting the disclosure of such documents to the expert. The court therefore finds that the plaintiff is only allowed to show his expert the documents agreed to by LVMPD in the summary in Exhibit D attached to the Joint Status Report (#50) and the documents previously stipulated to as follows:

1. The Statement of Complaint for Indictment on 4/15/07.

2. The Statement of Complaint got IA No. SOC2007-0877.

3. LVMPD Special Order of May 5, 2003.

The court finds that the failure to complete discovery is not the fault of the defendants and that it is not appropriate to permit plaintiff to disclose any other documents to his plaintiff's expert.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff may show his expert only the documents agreed to by LVMPD in the summary in Exhibit D attached to the Joint Status Report (#50) and the documents previously stipulated to as follows:

1. The Statement of Complaint for Indictment on 4/15/07.

2. The Statement of Complaint got IA No. SOC2007-0877.

---

[1] On March 29, 2013, the court issued a minute order scheduling a hearing on the Status Report for April 17, 2013, at 01:00pm. (#53). The minute order (#53) was electronically served through the court's CM/ECF system. Attorney Eric Blank received email notification at the following addresses: eblank@ericblanklaw.com, fredac@ericbblank.com, zsmith@ericblank.com. (#53). The undersigned's courtroom deputy contacted Mr. Blank at 1pm, and Mr. Blank represented that he did not receive notice of the hearing. Due to Mr. Blank's tardiness, the hearing did not commence until 1:52p.m.

3. LVMPD Special Order of May 5, 2003.

DATED this 22nd day of April, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE