UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM FLEMING,<br><br>                                    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al,<br><br>                                    Defendants. | Case No. 2:11-cv-00131-MMD-VCF<br><br>ORDER<br><br>(Def's Motion to Reinstate Motion for Summary Judgment – dkt. no. 57) |

**I.   SUMMARY**

Before the Court is Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Motion to Reinstate Motion for Summary Judgment ("Motion to Reinstate"). (Dkt. no. 57.) The Motion to Reinstate refers to the LVMPD's previously-filed Motion for Summary Judgment. (Dkt. no. 40.)

For the reasons set out below, the LVMPD's Motion to Reinstate (dkt. no. 57) and Motion for Summary Judgment (dkt. no. 40) are granted.

**II.   BACKGROUND**

Plaintiff William Fleming filed the Complaint in the Eighth Judicial District Court for the State of Nevada on January 3, 2011. (*See* dkt. no. 1, Ex. B.) The following facts and allegations are taken from the Complaint. On January 6, 2009, Defendant police officer Joseph Salvatore booked Plaintiff in the Clark County Detention Center ("CCDC"). While Plaintiff was handcuffed, Salvatore jerked him down to the floor and caused Plaintiff to hit his head. Salvatore again lifted Plaintiff up and dragged him to the floor. Salvatore

then attacked Plaintiff on the floor, ramming his knee into Plaintiff's back and, along with several other officers, tied Plaintiff to a chair so tight that he lost feeling in his hands. Plaintiff filed a complaint with the LVMPD and received a letter saying that "a policy violation was found to be sustained."

The Complaint alleges the following causes of action: (1) violation of civil rights and conspiracy to violate civil rights under 42 U.S.C. § 1983 against the LVMPD and the CCDC; (2) violation of civil rights under the Fourth and Fourteenth Amendments against the LVMPD and the CCDC; (3) negligence, assault and battery against the LVMPD, the CCDC and individual defendants; (4) violation of civil rights under 42 U.S.C. § 1983 against individual defendants; (5) assault and battery against individual defendants; and (6) negligent hiring, retention, training and supervision against the LVMPD and CCDC. (See dkt. no. 1, Ex. B at 5–10.) The LVMPD and CCDC filed a Motion for Partial Summary Judgment that asked the Court to dismiss CCDC from the action, dismiss any claims based on the Eighth or Fourteenth Amendment, dismiss the conspiracy claim against the LVMPD, and find that Plaintiff may not recover punitive damages against the LVMPD. (See dkt. no. 21.) On April 25, 2012, the Court entered an order granting the Motion for Partial Summary Judgment. (Dkt. no. 29.)

The LVMPD filed a Motion for Summary Judgment on July 24, 2012, asking that the Court enter judgment in its favor "as to all claims for relief against it." (Dkt. no. 40 at 21–22.) In light of the Court's April 25, 2012, order, the following claims remain against the LVMPD: (1) Fourth Amendment violation under 42 U.S.C. § 1983; (2) negligence, and assault and battery; and (3) negligent hiring, retention, training and supervision. Plaintiff filed an opposition (dkt. no. 42) and the LVMPD filed a reply (dkt. no. 43).

The Court denied the Motion for Summary Judgment but allowed the LVMPD to request reinstatement of the motion without further briefing after the resolution of a discovery dispute. (Dkt. no. 49.) On May 15, 2013, the LVMPD filed the Motion to Reinstate asking the Court to reinstate and consider the Motion for Summary Judgment

///

without further briefing. (Dkt. no. 57.) The Court reinstates the Motion for Summary Judgment and now considers it.

## III.  LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements,

the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

### A.  Section 1983 Claim

Plaintiff seeks to impose municipal liability on LVMPD under 42 U.S.C. § 1983. The Supreme Court has held that a municipality can be liable under 42 U.S.C. § 1983 if an official policy or custom directly caused the violation of an individual's constitutional rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citations and internal quotations omitted). However, a municipality cannot be held liable just because it employs an officer who commits a constitutional tort. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir .1995) (citation omitted). The discretionary actions of municipal employees, even when unconstitutional, generally are not chargeable to the municipality under 42 U.S.C. § 1983. *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir.1992). Indeed, a single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (citations omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method for carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). A

policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. Las Vegas Metro. Police Dep't.*, 268 F.3d 924, 929 (9th Cir.2001), abrogated on other grounds by *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008).

The Court finds that there is no genuine issue of material fact as to whether a custom or policy at the LVMPD caused officers to violate Plaintiff's Fourth Amendment rights. Plaintiff has not presented evidence of deliberate indifference on the part of the LVMPD to their officers' use of excessive force, and the LVMPD has presented evidence demonstrating that there are training and disciplinary procedures in place to address the use of excessive force by its officers.

The Complaint alleges that the LVMPD failed to "properly discipline, restrict, and control" Salvatore and the individual doe defendants. (Dkt. no. 1, Ex. B at 5–6.) Plaintiff offers no evidence of previous incidents in which any of the officers involved, or any LVMPD officers, were not properly disciplined after similar complaints were filed. Plaintiff argues that, in the videos of the incidents, the officers and supervisors in the room appear to be indifferent, which shows that "this kind of interaction between officers and detainees is common practice and not cause for alarm at the [CCDC]." (Dkt. no. 42 at 10–11.) While this evidence potentially supports holding the individual officers liable, it does not demonstrate that the LVMPD has a longstanding custom of failing to discipline officers, nor does it show that a LVMPD custom caused Plaintiff's alleged Fourth Amendment violation. The LVMPD has submitted evidence that the Internal Affairs Bureau is able to recommend discipline, including termination after it starts an investigation. (*See* dkt. no. 40, Ex. I.) With regard to Salvatore specifically, the evidence shows that Plaintiff's complaint, along with another complaint from November 2008, resulted in Salvatore's termination. (*See* dkt. no. 40, Ex. F, Ex. H.) The facts alleged and evidence provided thus do not support the deficient disciplinary culture alleged in the Complaint.

///

Plaintiff also alleges that the LVMPD failed to properly train Salvatore and the individual doe defendants, specifically failing to "instruct them in applicable, proper and prudent use of force." (Dkt. no. 1, Ex. B at 5–6.) "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. To show deliberate indifference in this case, Plaintiff must demonstrate that the LVMPD "was on actual or constructive notice that its omission would likely result in a constitutional violation." *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012) (citations and internal quotations omitted). Though not required, "a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference." *Id.* (citations and internal quotations omitted).

In support of his argument that the LVMPD failed to train its officers, Plaintiff offers the expert opinion of Captain Van Blaricom, former chief of police in Bellevue, Washington and police practices consultant. (Dkt. no. 42, Ex. III.) Van Blaricom states that Salvatore engaged in excessive force and that his actions were an example of "contempt of cop." (*Id.*) He describes "contempt of cop" as when a citizen challenges an officer's authority and officer then "escalates the confrontation into physical force that is unnecessary, excessive and essentially amounts to summary punishment[.]" (*Id.*) He further states that this type of conduct is "not prevalent" but "does occur and is seen with sufficient frequency to be described in police literature as '*contempt of cop*'." (*Id.*) Plaintiff points to an absence of testimony in Salvatore's deposition as to training on this issue of "contempt of cop." (*See* dkt. no. 42 at 9–10.) The Constitutional violation in the "contempt of cop" situation described by Van Blaricom is the officer's use of excessive force. Plaintiff has failed to offer any evidence to support the argument that the LVMPD, through failure of training, has demonstrated deliberate indifference to its officers' use of excessive force. The LVMPD has submitted a use of force policy based on the standards set in *Graham v. Connor*, 490 U.S., 397 (1989). (*See* dkt. 43, Ex. C.) The policy gives

guidelines on the proper use of force in the CCDC and refers to sections in the LMVPD manual that do the same. (*Id.*) It is fairly comprehensive and states, among other things, that "[i]n no event, is physical force justifiable as punishment." (*Id.*) Further, an affidavit submitted by Michael See, Corrections Captain assigned to the CCDC, states that all the LVMPD officers are required to go through officer Training Academy, which includes an intensive training program on use of force. (*See* dkt. no. 40, Ex. J.)

The facts and evidence presented here undisputedly demonstrate that that LVMPD did not exhibit deliberate indifference to their officers' use of excessive force. The Court thus grants judgment in favor of the LVMPD as to Plaintiff's 42 U.S.C. § 1983 claims.

**B.   State Law Claims**

Plaintiff asserts negligence claims against LVMPD, arguing that it was negligent in the hiring, training, and supervision of Salvatore and the individual doe defendants. The Court agrees with the LVMPD that discretionary function immunity applies to these negligence claims.

Although Nevada has generally waived its state immunity under NRS § 41.031, the State has retained immunity under NRS § 41.032 for officials exercising discretion. NRS § 41.032(2) states no actions may be brought against an officer of the State or its political subdivision that is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty" of the officer. On its face, this statute does not immunize municipal governments or their employees because municipalities are considered independent corporations or "persons" with their own identities, not mere political subdivisions of a state. See *Monell*, 436 U.S. at 690. The Nevada Supreme Court, however, has implicitly assumed that municipalities are political subdivisions of the State for the purposes of applying the discretionary act immunity statute. *See, e.g., Travelers Hotel, Ltd. v. City of Reno*, 741 P.2d 1353, 1354-55 (Nev.1987).

///

In determining whether immunity applies under NRS § 41.032, the Nevada Supreme Court has adopted the general principles of federal jurisprudence relating to discretionary-function immunity. It has held that the actions of state officers are entitled to discretionary-function immunity if a decision: (1) involves an element of individual judgment or choice; and (2) is based on considerations of social, economic or political policy. *Martinez v. Maruszczak*, 168 P.3d 720, 727, 729 (Nev. 2007). Decisions at all levels of government, including routine decisions, may be protected by discretionary-function immunity so long as both criteria are satisfied. *Id.* at 729.

The Supreme Court "and others have held that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir.2000) (*citing Gager v. United States*, 149 F.3d 918, 920–22 (9th Cir.1998); *Nurse v. United States*, 226 F.3d 996 (9th Cir.2000); *Burkhart v. Washington Metro. Area Trans. Auth.*, 112 F.3d 1207, 1216–17 (D.C. Cir. 1997); *Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir.1995); *Richman v. Straley*, 48 F.3d 1139, 1146 (10th Cir.1995); *Attallah v. United States*, 955 F.2d 776, 784-85 (1st Cir. 1992)). For this reason, discretionary-function immunity applies here.

Lastly, the Complaint asserts a claim of "assault and battery" against the LVMPD. (Dkt. no. 1, Ex. B at 7–8.) It alleges that the LVMPD "had a policy, custom and practice of assaulting, beating, threatening, coercing, and condoning the assaulting, beating, threatening, and coercing of the inmates." (*Id.* at 7.) The LVMPD does not discuss this claim in its Motion for Summary Judgment and it will therefore not be addressed by the Court in this opinion.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant LVMPD's Motion to Reinstate (dkt. no. 57) is granted. Defendant LVMPD's Motion for Summary Judgment (dkt. no. 40) is reinstated without further briefing.

It is therefore ordered that Defendant LVMPD's Motion for Summary Judgment (dkt. no. 40) is granted. All 42 U.S.C. § 1983 claims and all negligence claims asserted against the LVMPD are dismissed. LVMPD seeks summary judgment on all remaining claims against it but fails to address the claim of assault and battery asserted in the Third Cause of Action in the Complaint. Accordingly, the claim relating to assault and battery remains. In light of the unusual procedural history of this case, the Court grants LVMPD leave to move for summary judgment on the claim for assault and battery within fourteen (14) days.

DATED THIS 18th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE