UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WILLIAM FLEMING, | Case No. 2:11-cv-00131-MMD-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | (Def's Motion Motion for Summary Judgment re Assault and Battery Claim – dkt. no. 61) |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al, | |
| Defendants. | |

**I.   SUMMARY**

Before the Court is Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Motion for Summary Judgment regarding Plaintiff's assault and battery claim ("Motion"). (Dkt. no. 61.)

For the reasons set out below, the Motion is granted.

**II.   BACKGROUND**

A brief recitation of Plaintiff's allegations can be found in the Court's November 18, 2013, order granting LVMPD's motion for summary judgment. (Dkt. no. 60.) In that order, the Court granted summary judgment in favor of LVMPD as to all remaining claims asserted against it, save for Plaintiff's common law assault and battery claim. (*Id.* at 9.) For reasons fully articulated in that order, LVMPD was given leave to separately move for summary judgment as to the assault and battery claim. (*Id.*) Pursuant to that leave, LVMPD filed the instant Motion. (Dkt. no. 61.) Plaintiff filed an opposition (dkt. no. 68) and Defendant filed a reply (dkt. no. 71).

### III. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may

not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

The Complaint asserts a common law claim for assault and battery as its third cause of action. (Dkt. no. 1, Exh. B at 7.) The third cause of action alleges that LVMPD "had a policy, custom, and practice of assaulting, beating, threatening, and coercing of the inmates" and that this "policy was the moving force behind the violation of Plaintiff's civil and constitutional rights." (*Id.*)

Plaintiff appears to assert a theory of liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). *Monell* states that a municipality can be liable under 42 U.S.C. § 1983 if an official policy or custom directly caused the violation of an individual's constitutional rights. *See id.* In his opposition, Plaintiff argues that LVMPD "had the policy, custom, and practice to condone Office Salvatore's assaults on arrestees because it did not investigate, or even notify, Office Salvatore of complaints against him until months after the [C]omplaint was filed." (Dkt. no. 68 at 3.)

To the extent that Plaintiff's third cause of action seeks to hold LVMPD liable for a constitutional violation, however, it is duplicative of Plaintiff's excessive force claim for which the Court entered judgment in favor of LVMPD. (*See* dkt. no. 60 at 4-7.) Regarding that claim, the Court found that "Plaintiff has not presented evidence of deliberate indifference on the part of the LVMPD to their officers' use of excessive force, and the LVMPD has presented evidence demonstrating that there are training and disciplinary procedures in place to address the use of excessive force by its officers." (*Id.* at 4.) To the extent that Plaintiff's third claim for relief is not asserting a constitutional

1  violation, it fails to provide a legal basis for holding LVMPD liable because the theory of
2  liability in *Monell* applies to constitutional violations asserted pursuant to § 1983, not
3  common law claims.

4  Under Nevada law, a municipality can be held liable for its employee's acts under
5  a theory of respondeat superior. *See ASAP Storage, Inc. v. City of Sparks*, 173 P.3d
6  734, 745 (Nev. 2007). However, to hold an employer liable for the intentional torts of an
7  employee, a plaintiff must prove "(a) the employee's conduct was not an independent
8  venture, (b) the employee's conduct was committed in the course of his or her assigned
9  tasks, and (c) the employee's conduct was reasonably foreseeable in light of the nature
10 and scope of his or her employment." *Id.* at 745 n.57 (*citing* NRS 41.745; *Wood v.
11 Safeway, Inc.*, 121 P.3d 1026, 1035 (Nev. 2005); *Hughey v. Washoe Cnty.*, 306 P.2d
12 1115, 1115 (Nev. 1957)). The "conduct of an employee is reasonably foreseeable if a
13 person of ordinary intelligence and prudence could have reasonably anticipated the
14 conduct and the probability of injury." NRS 41.745.

15 Plaintiff did not allege respondeat superior in the Complaint, nor has Plaintiff
16 presented any evidence to support a finding of respondeat superior liability under NRS
17 41.745.

18 The Court finds there is no genuine issue of material fact as to LVMPD's liability
19 for Officer Salvatore's alleged assault and battery of Plaintiff.

20 **V.    CONCLUSION**

21 The Court notes that the parties made several arguments and cited to several
22 cases not discussed above. The Court has reviewed these arguments and cases and
23 determines that they do not warrant discussion as they do not affect the outcome of the
24 Motion.

25 ///
26 ///
27 ///
28 ///

It is therefore ordered that Defendant LVMPD's Motion for Summary Judgment regarding Plaintiff's assault and battery claim (dkt. no. 61) is granted.

DATED THIS 23rd day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE